UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANG LIM JI,<br><br>         Plaintiff,<br><br>   v.<br><br>MARIO SANPAOLO,<br><br>         Defendant. | Case No. 21-cv-02134-JST<br><br>**ORDER GRANTING MOTION FOR RECONSIDERATION; GRANTING MOTION FOR SUMMARY JUDGMENT; GRANTING EXTENSIONS OF TIME TO FILE SUMMARY JUDGMENT MOTION AND OPPOSITION; SETTING BRIEFING SCHEDULE**<br><br>Re: ECF Nos. 42, 43, 45, 47 |

Plaintiff, an inmate housed at California Institute for Men ("CIM"), has filed a *pro se* complaint under 42 U.S.C. § 1983, against San Benito County Jail officer Mario San Paolo.  This order addresses the following pending motions: (1) Plaintiff's motion for leave to file a motion for reconsideration, ECF No. 42; (2) Defendant's motion for an extension of time to file his summary judgment motion, ECF No. 43; (3) Defendant's summary judgment motion, ECF No. 45; and (4) Plaintiff's request for an extension of time to file his opposition, ECF No. 47.

## DISCUSSION

### I.     Procedural Background

Plaintiff commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983.  The Court screened the complaint and found that the allegation that San Benito County Jail officer Mario San Paolo left Plaintiff shacked in a car for between thirty minutes to an hour in extreme weather conditions stated a cognizable Eighth Amendment or Fourteenth Amendment claim, depending on whether Plaintiff was a pretrial detainee or convicted prisoner at the time of the incident.  The Court dismissed with prejudice the claim that defendant San Paolo was deliberately

United States District Court
Northern District of California

1   indifferent to Plaintiff's serious medical needs when, on one occasion, he threw away Plaintiff's

2   diabetic meal and snack.  ECF No. 9.

3          Plaintiff then filed an amended complaint, which made similar allegations to those in the

4   initial complaint regarding being left shackled in a van in extreme weather conditions on March

5   29, 2019 and November 5, 2020, and being denied his diabetic meal and snack.  ECF No. 40.  The

6   Court screened the amended complaint, and found that the allegation that defendant San Paolo

7   twice left Plaintiff shackled in a van for an extended period of time in extreme weather conditions

8   stated a cognizable Eighth Amendment or Fourteenth Amendment claim, depending on whether

9   Plaintiff was a pretrial detainee or convicted prisoner at the time of the incident.  The Court again

10  dismissed the claim regarding the diabetic snack and meal with prejudice.  ECF No. 41.

11  **II.     Motion for Reconsideration (ECF No. 42)**

12         Plaintiff has filed a motion requesting leave to file a motion for reconsideration of the

13  Court's dismissal of his claim regarding his diabetic meal and snack.  ECF No. 42.  Plaintiff

14  argues that in a recent unpublished decision, *Peasley v. Spearman*, 9th Cir. No. 18-56648, 2022

15  WL 2301992 (Jun. 27, 2022), the Ninth Circuit presumed that the denial of meals to diabetic

16  inmates stated a cognizable Eighth Amendment claim for deliberate indifference to a diabetic

17  inmate's serious medical needs.  ECF No. 42 at 2.  Plaintiff states that he only learned of this case

18  after he arrived at CIM and enlisted the help of a paralegal.  ECF No. 42 at 3.  Plaintiff argues that

19  according to current caselaw the amended complaint's allegation that defendant SanPaolo threw

20  away Plaintiff's meal and snack despite being aware that Plaintiff is diabetic and had just taken an

21  insulin shot states a cognizable Fourteenth Amendment claim.  *Id.*  Defendant has not opposed this

22  motion.

23         The Court finds that it dismissed Plaintiff's claim regarding the diabetic snack in error.

24  The Court therefore GRANTS Plaintiff leave to file the motion for reconsideration docketed at

25  ECF No. 42 and GRANTS that motion.  The Court finds that the amended complaint's allegation

26  that defendant San Paolo threw away Plaintiff's meal and snack despite being aware that Plaintiff

27  is diabetic, had just taken an insulin shot, and must consume food after his insulin shot states a

28  cognizable Fourteenth Amendment claim.  The Court will set a briefing schedule for this claim

United States District Court
Northern District of California

1   below.

2   **III.    Motion for Summary Judgment (ECF No. 45); Motion for Extension of Time to File**
3            **Summary Judgment Motion (ECF No. 43); Motion for Extension of Time to File**
         **Opposition (ECF No. 47)**

4            Defendant has filed a summary judgment motion.  ECF No. 45.  The Court DENIES as

5   moot Defendant's request for an extension of time to file his summary judgment motion.  ECF No.

6   43.  The summary judgment motion was timely filed.  The Court GRANTS *nunc pro tunc*

7   Plaintiff's request for an extension of time to file his opposition to the summary judgment motion.

8   ECF No. 47.

9            Defendant argues that he is entitled to summary judgment for the following reasons.  With

10  respect to the March 29, 2019 incident, Defendant argues that there is no evidence that he engaged

11  in reckless conduct, and Plaintiff cannot show that he was subject to a serious risk of harm or

12  demonstrate that he suffered injury from the alleged one-hour incident.  Specifically, Defendant

13  argues that the incident happened during daylight hours on a late March day and that there was no

14  indication that the weather conditions were approaching freezing, as alleged by Plaintiff; and that

15  there is no evidence that Plaintiff suffered hypothermia or other bodily injuries.  With respect to

16  the November 5, 2020 incident, Defendant argues that there is no evidence that he was

17  deliberately indifferent to Plaintiff's safety and argues that the thirty-minute incident was not

18  sufficiently serious, noting that there is no evidence that Plaintiff suffered from, or was treated for,

19  heat exhaustion.  In the alternative, Defendant argues that he is entitled to qualified immunity.  *See*

20  *generally* ECF No. 45.  Plaintiff has filed a statement of non-opposition to the summary judgment

21  motion, stating that after he reviewed the facts and evidence, he elects to not oppose Defendant's

22  motion.  ECF No. 50.

23       **A.    Summary Judgment Standard**

24       Summary judgment is proper where the pleadings, discovery and affidavits show there is

25  "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

26  law."  *See* Fed. R. Civ. P. 56(a) (2014).  Material facts are those that may affect the outcome of the

27  case.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute as to a material

28  fact is genuine if the evidence is such that a reasonable jury could return a verdict for the

United States District Court
Northern District of California

nonmoving party.  *See id.*

A court shall grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial [,] . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).  The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact.  *Id.*  The burden then shifts to the nonmoving party to "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *See id.* at 324 (citing Fed. R. Civ. P. 56(e)).

On a summary judgment motion, the Court neither makes credibility determinations nor weighs conflicting evidence with respect to disputed material facts.  *See T.W. Elec. Serv. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  The evidence must be viewed in the light most favorable to the nonmoving party, and inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party. *See id.* at 631.  If the evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the court must assume the truth of the evidence submitted by the nonmoving party.  *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999).

**B.      Factual Background**

During the relevant time period, Plaintiff was in the custody of the San Benito County Sheriff's Department and housed at San Benito County Jail, and defendant San Paolo was a transportation deputy for the San Benito County Sheriff's Office.  ECF No. 45-5 at 1.  As a transportation deputy, defendant San Paolo's duties included transporting inmates to and from court hearings, doctor appointments, and other agencies.  ECF No. 45-5 at 1.

During the relevant time period, there were three transportation deputies working at the San Benito County Jail and the jail housed approximately 124 prisoners ranging in security level. Transportation to doctor's appointments generally take place in the late morning to mid-afternoon

and court appearances vary based on the hearing schedule.  For transport purposes, inmates are typically assigned one of three security classifications: minimum, medium, and maximum.  During transport, inmates are grouped within the transport vehicle according to classification, and walked into the destination building or facility by classification.  It typically takes 10 to 12 minutes for each classification group to be walked into the building or facility.  On occasion, such as if there is an incident or altercation at the jail, the wait times for inmates to enter can be longer.  ECF No. 45-5 at 1-2.

Transportation deputies, including defendant San Paolo, are trained to be mindful of weather conditions.  They are trained to run the air conditioner or heater in the transport vehicle and to roll windows up or down as needed.  Since the classification compartments within the vehicle are secured, transportation deputies are able to keep the vehicle air conditioned or heated while ushering inmates into the destination facility.  ECF No. 45-5 at 2.

Defendant San Paolo estimates that he has transported Plaintiff on approximately 30 occasions to both court hearings and doctor's appointments.  Defendant San Paolo states that all the transports have been without issue.  ECF No. 45-5 at 2.  Plaintiff is classified as minimum security level.  ECF No. 45-5 at 2.

### 1)      March 29, 2019

On this date, Plaintiff was a pretrial detainee.  Plaintiff alleges that on March 25, 2019, while being transported back to San Benito County Jail from the San Benito County courthouse, defendant San Paolo left him shackled inside the transportation van alone for over an hour without heat or ventilation.  Plaintiff's hands and ankles began to ache from the hand and feet restraints, and he began to shiver because he felt very cold.  After about an hour, Plaintiff was discovered by deputy sheriff Cummins who expressed surprise that Plaintiff was still inside the van and removed Plaintiff from the van.  ECF No. 40 at 3.  There is no evidence that Plaintiff suffered hypothermia or any other bodily injuries from this event, and no records indicating that Plaintiff sought or required medical treatment subsequent to this event.

### 2)      November 5, 2020

On this date, Plaintiff was a convicted prisoner.  Plaintiff alleges that on November 5,

United States District Court
Northern District of California

5

1   2020, defendant San Paolo left him shackled inside the transportation van for over 30 minutes

2   under direct sunlight, without air conditioning or ventilation.  Plaintiff started sweating and

3   subsequently experienced a headache and dizziness.  ECF No. 40 at 5.  There is no evidence that

4   Plaintiff suffered any bodily injuries from this event, and no records indicating that Plaintiff

5   sought or required medical treatment as a result of this event.

6         **C.**      **Deliberate Indifference to Inmate Safety Legal Standard**

7         Plaintiff was a pretrial detainee on March 29, 2019, and a convicted prisoner on November

8   5, 2020.  A claim that prison officials were deliberately indifferent to a pretrial detainee's safety or

9   health arises under the Fourteenth Amendment, whereas a claim that prison officials were

10  deliberately indifferent to a convicted prisoner's safety or health arises under the Eighth

11  Amendment.

12        When a pretrial detainee challenges conditions of his confinement, the proper inquiry is

13  whether the conditions amount to punishment in violation of the Due Process Clause of the

14  Fourteenth Amendment.  *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).  To prevail on a

15  claim that a prison official is deliberately indifferent to a pretrial detainee's safety, the detainee

16  must show that (1) the prison official made an intentional decision with respect to the conditions

17  under which the pretrial detainee was confined; (2) those conditions put the pretrial detainee at

18  substantial risk of suffering serious harm; (iii) the prison official did not take reasonable available

19  measures to abate that risk, even though a reasonable official in the circumstances would have

20  appreciated the high degree of risk involved—making the consequences of the prison official's

21  conduct obvious; and (iv) by not taking such measures, the prison official caused the pretrial

22  detainee's injuries.  *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124-35 (9th Cir. 2018).  With

23  respect to the third element, the prison official's conduct must be objectively unreasonable, a test

24  that will necessarily turn on the facts and circumstances of each particular case.  *Id.* at 1125.  "The

25  mere lack of due care by a state official does not violate the Fourteenth Amendment.  *Id.*  In other

26  words, the pretrial detainee must "prove more than negligence but less than subjective intent—

27  something akin to reckless disregard."  *Id.* (internal quotation marks and citation omitted).

28        The Eighth Amendment requires that prison officials take reasonable measures to

United States District Court
Northern District of California

guarantee the safety of convicted prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). When a convicted prisoner alleges that prison officials have failed to protect him from dangerous conditions of confinement, the proper inquiry is whether (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Id*. at 832. Neither negligence nor gross negligence will constitute deliberate indifference. *Id.* at 835-36 & n.4. A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *See id.* at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.*

### D.   Analysis

#### 1)   March 29, 2019 Incident

Defendant argues that he is entitled to summary judgment with respect to the March 29, 2019 incident because Plaintiff has not proffered any evidence that would suggest that conditions that day put him at substantial risk of suffering serious harm or that Defendant acted with reckless disregard. Defendant argues that it was unlikely that conditions were freezing in late March during daylight hours, which was when Plaintiff would have been transported, or severe enough to put Plaintiff at substantial risk of suffering serious harm.

At summary judgment, the Court views the record in the light most favorable to Plaintiff and assumes that Plaintiff was left in the vehicle for over an hour; that there was no heat or ventilation in the vehicle; and that Plaintiff began to shiver because he felt cold. However, Plaintiff has not proffered any evidence that indicates that the weather conditions put him at substantial risk of suffering serious harm; or that defendant San Paolo made an intentional decision with respect to these conditions, i.e., left him in the transport vehicle knowing that weather conditions put Plaintiff at substantial risk of suffering serious harm; or that defendant San Paolo acted with reckless disregard to Plaintiff's health or safety when he left Plaintiff in the transport vehicle. Plaintiff does not specify, much less proffer evidence, as to what the weather

1   conditions were that day and how the weather conditions him at a substantial risk of suffering

2   serious harm.  Nor is there any evidence that Plaintiff was injured by the weather conditions.

3   There also is nothing in the record indicating that Plaintiff required medical attention after being

4   left in the transport vehicle.

5            At summary judgment, Plaintiff cannot rest solely on his pleadings but must produce

6   significant, probative evidence in the form of affidavits, and/or admissible discovery material that

7   would allow a reasonable jury to find in his favor.  *Anderson*, 477 U.S. at 249-50.  The possibility

8   of a potential factual dispute between the parties will not defeat an otherwise properly supported

9   motion for summary judgment.  *Id.* at 247–48.  Here, Plaintiff has not opposed the summary

10   judgment motion or otherwise disputed Defendant's factual allegations.  Plaintiff has not proffered

11   any evidence to support the complaint's claim that the weather conditions on March 29, 2019

12   clearly placed Plaintiff at substantial risk of serious harm if left in a transport vehicle for an hour.

13   Accordingly, the Court finds that there is no triable issue of material fact as to whether defendant

14   San Paolo was deliberately indifferent to Plaintiff's safety or medical needs, in violation of the

15   Fourteenth Amendment, on March 29, 2019 when he left Plaintiff in the transport vehicle.  The

16   Court GRANTS summary judgment in favor of Defendant on this claim.

17            **2)       November 5, 2020 Incident**

18            Defendant argues that he is entitled to summary judgment with respect to the November 5,

19   2019 incident because Plaintiff has not proffered any evidence that this incident rose to the

20   requisite level of seriousness required for an Eighth Amendment violation because it was a mid-

21   fall day and the incident lasted about 30 minutes.  At summary judgment, the Court views the

22   record in the light most favorable to Plaintiff and assumes that Plaintiff was left in the vehicle for

23   thirty minutes under direct sunlight, causing him to sweat and suffer a headache and dizziness.

24   Again, Plaintiff has not proffered any evidence that, objectively speaking, there was an excessive

25   risk to Plaintiff's safety or health if he were left in the transport vehicle for thirty minutes that day;

26   or that defendant San Paolo was aware of that risk.  Nor is there any evidence that Plaintiff was

27   injured by the weather conditions.  There is no evidence indicating that the sweating, headache,

28   and dizziness posed an excessive risk to Plaintiff's health or safety.

United States District Court
Northern District of California

1   At summary judgment, Plaintiff cannot rest solely on his pleadings but must produce

2   significant, probative evidence in the form of affidavits, and/or admissible discovery material that

3   would allow a reasonable jury to find in his favor.  *Anderson*, 477 U.S. at 249-50.  The potential

4   existence of a factual dispute between the parties will not defeat an otherwise properly supported

5   motion for summary judgment.  *Id.* at 247–48.  Here, Plaintiff has not opposed the summary

6   judgment motion or otherwise disputed Defendant's factual allegations.  Plaintiff has not proffered

7   any evidence to support the complaint's claim that leaving him in the transport vehicle for thirty

8   minutes on that day posed a significant risk to his health and safety or that defendant San Paolo

9   knew of such risk.  Accordingly, the Court finds that there is no triable issue of material fact as to

10   whether defendant San Paolo was deliberately indifferent to Plaintiff's safety or medical needs, in

11   violation of the Eighth Amendment, on November 20, 2020 when he left Plaintiff in the transport

12   vehicle.  The Court GRANTS summary judgment in favor of Defendant on this claim.

13   **E.   Qualified Immunity**

14   Qualified immunity is an entitlement, provided to government officials in the exercise of

15   their duties, not to stand trial or face the other burdens of litigation.  *Saucier v. Katz*, 533 U.S. 194,

16   200 (2001).  The doctrine of qualified immunity attempts to balance two important and sometimes

17   competing interests—"the need to hold public officials accountable when they exercise power

18   irresponsibly and the need to shield officials from harassment, distraction, and liability w

19   perform their duties reasonably."  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal

20   quotation marks and citation omitted).  The doctrine thus intends to take into account the real-

21   world demands on officials in order to allow them to act "'swiftly and firmly'" in situations where

22   the rules governing their actions are often "'voluminous, ambiguous, and contradictory.'"  *Mueller*

23   *v. Auker*, 576 F.3d 979, 993 (9th Cir. 2009) (citing *Davis v. Scherer*, 468 U.S. 183, 196 (1984)).

24   "The purpose of this doctrine is to recognize that holding officials liable for reasonable mistakes

25   might unnecessarily paralyze their ability to make difficult decisions in challenging situations,

26   thus disrupting the effective performance of their public duties."  *Id.*  To determine whether an

27   officer is entitled to qualified immunity, the Court must consider whether (1) the officer's conduct

28   violated a constitutional right, and (2) that right was clearly established at the time of the incident.

*United States District Court*
*Northern District of California*

*Pearson*, 555 U.S. at 232. Courts are not required to address the two qualified immunity issues in any particular order, and instead may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* at 236. Courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* at 236. Because there was no violation of Plaintiff's constitutional rights with respect to being left in a transport vehicle on March 29, 2019 and November 5, 2020, the Court need not make additional inquiry concerning qualified immunity. *See County of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998) ("[T]he better approach to resolving cases in which the defense of qualified immunity is raised is to determine first whether the plaintiff has alleged the deprivation of a constitutional right at all.").

## CONCLUSION

For the foregoing reasons, the Court orders as follows.

1.      The Court GRANTS Plaintiff leave to file the motion for reconsideration docketed at ECF No. 42, and also GRANTS the motion for reconsideration. ECF No. 42. The Court finds that the amended complaint's allegation that defendant San Paolo threw away Plaintiff's meal and snack despite being aware that Plaintiff is diabetic and had just taken an insulin shot states a cognizable Fourteenth Amendment claim (ECF No. 40 at 4-5) and vacates the portion of the November 21, 2022 order dismissing this claim with prejudice (ECF No. 41 at 2 (citing to ECF No. 9 at 4)).

2.      The Court DENIES as moot Defendant's request for an extension of time to file his summary judgment motion. ECF No. 43. The Court GRANTS *nunc pro tunc* Plaintiff's request for an extension of time to file his opposition to the summary judgment motion. ECF No. 47.

3.      The Court GRANTS Defendant's unopposed motion for summary judgment, and GRANTS summary judgment in favor of defendant San Paolo on the Fourteenth Amendment claim that defendant San Paolo was deliberately indifferent to Plaintiff's safety on March 25, 2019, and on the Eighth Amendment claim that defendant San Paolo was deliberately indifferent to Plaintiff's safety on November 5, 2020.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

4.      No later than 91 days from the date this order is filed, Defendant shall file and serve a motion for summary judgment regarding the remaining Fourteenth Amendment claim regarding the disposal of Plaintiff's diabetic snack and meal in March 2020 (ECF No. 40 at 4-5). Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than 28 days from the date the motion is filed. Defendant shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

This order terminates ECF Nos. 42, 43, 45, 47.

**IT IS SO ORDERED.**

Dated:  October 23, 2023



JON S. TIGAR
United States District Judge

11